UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DONALD E. BARNES | CIVIL ACTION |
| VERSUS | NO. 14-0264 |
| JOEL T. CHAISSON, ET AL | SECTION "N"(4) |

REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and(2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

**I.     Factual Background**

The plaintiff, Donald E. Barnes ("Barnes"), filed this claim *pro se* and *in forma pauperis* against President of the Senate for the Louisiana Legislature, Joel T. Chaisson ("Chaisson"), Governor for the State of Louisiana, Bobby Jindal ("Jindal"), Attorney General of the State of Louisiana, James D. "Buddy" Caldwell ("Caldwell"), and District Attorney of the Orleans Parish, Leon A. Cannizzarro ("Cannizzarro") (collectively "Defendants"). Barnes is currently incarcerated in the Louisiana State Prison, in Angola, Louisiana.

Barnes was indicted in November 1998 by an Orleans Parish Grand Jury and charged with Aggravated Rape, Aggravated Crime Against Nature and Forcible Rape. *See* Rec. Doc. 1. He was convicted on May 17, 2000. *Id.* As to the instant action, Barnes alleges that the selection of his grand jury was done using special local laws that only apply to Orleans Parish and were not executed by any other Parish in the state, thereby "creating one method of law for the City of New Orleans . . . and another method for the criminal laws for remainder of the state."[1] *Id.* Barnes alleges that on June 27, 2003, the Louisiana Supreme Court declared that the current and former provisions of Grand Jury procedures for Orleans Parish were unconstitutional. *Id.* Barnes alleges that these procedures were enacted by the Louisiana Legislature and used by Defendants in selecting the people who participated in his grand jury hearings. *Id.* Barnes alleges that Defendants knew as early as July 2003 that the local laws were unconstitutional and knew or should have known that they could not further charge Barnes and should have dismissed the charges because the procedure had the effect of influencing and prejudicing his charging process. *Id.*

Barnes alleges that he was wrongfully imprisoned and that the defendants violated his Fifth and Fourteenth Amendment rights. *Id.* Barnes also alleges that he was deprived of rights under Color of State law, Art. I, **§**2 and **§**3 and Art. III, **§**12(A)(3) of the Louisiana Constitution because the procedures that were conducted in selecting his grand jury followed special Orleans Parish rules which were later found to be unconstitutional in 2003. *Id.* Barnes alleges that as a result, his indictment was influenced by prejudice and he was wrongfully imprisoned. *Id.*

---

[1] Barnes quotes *State v. Dilosa,* 848 So. 2d 546, (La. 2003).

As such, Barnes filed the instant action seeking declaratory judgment, dismissal-release, agreement covenant, injunctive relief, stipulation agreement, jury trial demand, and costs from Defendants. *Id.*

## II.     Standard of Review for Frivolousness

Title 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A require the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle*, 789 F.2d 318 (5th Cir. 1986), *modified on other grounds, Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993).

However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint. Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).

A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke*, 490 U.S. at 327-28. Therefore, the Court must determine whether Hartley's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986). District courts must construe *in forma pauperis* complaints liberally, but they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

### III.  Analysis

Barnes seeks relief in the form of dismissal-release agreement, an agreement that he would not be prosecuted by the state on other charges, an agreement that the Orleans Parish laws would be reformed, and a new trial based on the allegation that the grand jury selection process used to convict him, later found to be unconstitutional, violated his civil rights. He seeks declaratory judgement and injunctive against the defendants in their official and individual capacities to redress his § 1983 claims related to wrongful imprisonment, violation of rights guaranteed under the Fifth and Fourteenth Amendments and rights under Color of State Law guaranteed by Art. I, § 2 and § 3 and Art. III, § 12(A)(3) of the Louisiana Constitution. At the basis of Barnes' complaint, he challenges the constitutionality of his underlying criminal conviction and current incarceration, therefore, his claim necessitates the application of the *Heck* Doctrine, which is explained more fully in Section C below. However, it is well settled in the Fifth Circuit that before application of the *Heck* doctrine, the Court must address dismissal of improper and immune defendants. *See Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994) (immunity must be considered as a threshold matter prior to applying *Heck*). His claims, however, are frivolous for the following reasons.

### A.     <u>Claims Against President of the Senate for the Louisiana Legislature, Joel T. Chaisson, Governor for the State of Louisiana, Bobby Jindal, Attorney General of the State of Louisiana, James D. "Buddy" Caldwell</u>

Barnes has named as defendants Chaisson, Jindal and Caldwell. Barnes alleges that Chaisson, Jindal, and Caldwell are liable for Barnes' false imprisonment because they were responsible for creating and enacting Acts and laws that would punish individuals for crimes. Barnes alleges that the laws governing selection of grand juries in Orleans Parish were enacted and effectuateded by these defendants and were later deemed unconstitutional by the Louisiana Supreme Court. Specifically, Barnes alleges that he was convicted on May 17, 2000 and that during his trial Art. 412, 413 and 414 of the Louisiana Code of Criminal Procedure, as written in 1999, were used, which provided for the selecting of grand juries, grand jury forepersons and grand jury venires in Orleans Parish. The Louisiana Fourth Circuit Court of Appeals affirmed his conviction on November 7, 2001. On January 31, 2003, the Louisiana Supreme Court denied Barnes' writ application of certiorari, thereby rendering his conviction and sentence final. He complains that three years after he was convicted using the aforementioned grand jury procedure, that same law was rendered unconstitutional by the Louisiana Supreme Court. As a result, he alleges that Defendants should be held liable to him for damages.

Section 1983 provides a federal cause of action against any person who, acting under color of state law, deprives another of his constitutional rights. 42 U.S.C. § 1983. A plaintiff must prove both the constitutional violation and that the action was taken by a "person" under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978); *Polk County v. Dodson*, 454 U.S. 312 (1981).

To the extent that plaintiff means to assert individual-capacity claims against the named defendants, he has failed to state cognizable claims with respect to the defendants. "Plaintiffs suing

governmental officials in their individual capacities . . . must allege specific conduct giving rise to a constitutional violation. This standard requires more than conclusional assertions: The plaintiff must allege specific facts giving rise to the constitutional claims." *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir.2002) (citation omitted). "Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir.1983). Here, Barnes has alleged the personal involvement of defendant Chaisson in the creation and enactment of the special local law used to select the grand jury in Barnes' trial, which was later found unconstitutional. Barnes, has alleged the personal involvement of Jindal to the extent that he ensured the execution of the local laws used to select the grand jury in Barnes' trial. Barnes has alleged the personal involvement of Caldwell to the extent that he prosecuted Barnes pursuant to the local laws later found to be unconstitutional. However, the Court notes that Barnes' allegations are factually unsound because Chaisson,[2] Jindal[3] and Caldwell[4] were not in office at the time the local laws of selecting grand juries were created nor at the time that Barnes was prosecuted and convicted. Therefore, Chaisson, Jindal and Caldwell were not personally involved in Barnes' prosecution.

Accordingly, Barnes' claims against Chaisson, Jindal and Caldwell in their individual capacities must be dismissed as frivolous, for failure to state a claim for which relief can be granted, and for seeking relief against an immune defendant pursuant to § 1915(e)(2) and § 1915A(b).

---

[2] Chaisson became President of the Senate in 2008. *Senate Office of Communication,* http://senate.legis.state.la.us/CommunicationOffice/NewsReleases/2008/01-14-2008.htm

[3] Jindal became Governor in 2008. *Office of the Governor,* http://www.gov.state.la.us/index.cfm?md=pagebuilder&tmp=home&navID=38&cpID=1&cfmID=0&catID=0

[4] Caldwell became Attorney General in 2007. *Office of the Attorney General,* http://www.ag.state.la.us/AGNews.aspx?catID=2

However, a state actor in his official capacity is not considered to be a person for purposes of suit under § 1983. *Will v. Michigan Dept. of St. Police*, 491 U.S. 58 (1989); *Stotter v. Univ. of Tex.*, 508 F.3d 812, 821 (5th Cir. 2007). In keeping with its long-standing doctrine, the Supreme Court has held that, when a state actor is sued in his official capacity, the action is considered to be one taken against the State or the department he represents. *See Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978).

The Eleventh Amendment, however, forbids federal courts from entertaining a suit brought by a citizen against his own State. *Pennhurst State School v. Halderman*, 465 U.S. 89, 98 (1984); *Voisin's Oyster House, Inc. v. Guidry*, 799 F .2d 183, 185-86 (5th Cir.1986). A state may expressly waive this Eleventh Amendment sovereign immunity. See *Edelman v. Jordan,* 415 U.S. 651, 673 (1974) (holding that a state's consent to suit against it in federal court must be expressed "unequivocally"); *Welch v. Dept. of Highways,* 780 F.2d 1268, 1271-73 (5th Cir.1986). However, the State of Louisiana has not done so. To the contrary, La. Rev. Stat. Ann. § 13:5106(a) provides that "no suit against the state . . . shall be instituted in any court other than a Louisiana state court."

As a general rule, suit against the State, and its employees in their official capacities implicates the Eleventh Amendment immunity doctrine. *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 313 (5th Cir. 1999); *Lockett v. New Orleans City*, 639 F. Supp.2d 710 (E.D. La. 2009); *Muhammad v. Louisiana*, No. 99-2694 c/w 99-3742, 2000 WL 1568210 (E.D. La. Oct. 18, 2000); *Citrano v. Allen Corr. Center*, 891 F. Supp. 312, 320 (W.D. La. 1995) ("A suit against any state correctional center would be suit against the State and therefore barred by the Eleventh Amendment.") (citing *Anderson v. Phelps*, 655 F. Supp. 560, 560 (M.D. La. 1985) and *Building*

*Engr. Serv. Co., Inc. v. Louisiana*, 459 F. Supp. 180 (E.D. La. 1978)); *Wallace v. Edwards*, 30 F.3d 1493, 1994 WL 399144, at *1 (5th Cir. Jul. 21, 1994) (addressing the governor).

In this case, Governor Jindal, and Attorney General Caldwell are executive officers of the State of Louisiana, and President of the Senate, Chaisson, is an elected official of the Louisiana Legislature of the State of Louisiana. For Eleventh Amendment purposes, the Executive Branch and Legislative Branch are considered arms of the State of Louisiana since any money judgment against these entities necessarily would be paid from state funds. *See Edelman*, 415 U.S. at 663 (suit against a state governor in their official capacity is a suit against the sovereign.)  The Court, therefore, is without jurisdiction to hear the plaintiff's claims against the State of Louisiana. *See Warnock v. Pecos County, Tx.*, 88 F.3d 341, 343 (5th Cir. 1996).

The Supreme Court recognizes an exception to this doctrine where the Eleventh Amendment does not protect a state official. *Ex Parte Young*, 209 U.S. 123, 155-56 (1908); *Edelman*, 415 U.S. at 664; *Brennan v. Stewart*, 834 F.2d 1248, 1252 (5th Cir. 1988). To meet this exception in its application to a § 1983 suit, a plaintiff's suit alleging a violation of federal law must be brought against individual persons in their official capacities as agents of the state, and the relief sought must be declaratory or injunctive in nature and prospective in effect. *See Saltz v. Tenn. Dept. of Employment Sec.*, 976 F.2d 966, 968 (5th Cir. 1992). Here, Barnes seeks declaratory and injunctive relief against Chaisson, Jindal and Caldwell, in their official capacities as agents of the State. He alleges that the defendants are in violation of a federal law for denying Barnes his due process rights under the Fifth Amendment and right to equal protection under the law under the Fourteenth Amendment by enacting and utilizing charging procedures against Barnes later held unconstitutional by the Louisiana Supreme Court. Thus, Chaisson, Jindal and Caldwell are not protected by Eleventh

Amendment immunity in their official capacities, however, in their official capacities Barnes' claims are still frivolous as they are barred by the *Heck* Doctrine explained in more detail in Section C.

### B.     Claims Against District Attorney Cannizzaro

Barnes has also named Orleans Parish District Attorney Leon Cannizzarro ("Cannizzarro") as defendants. He alleges that Cannizzaro utilized procedures in selecting the Grand Jury during Barnes' prosecution that were later found to be unconstitutional. However, Cannizzarro was not the Orleans Parish District Attorney at the time of Barnes' prosecution in the year 2000.[5] To the extent he has named Cannizzaro in his individual capacity, Barnes has not alleged any viable claims against him because Cannizzaro was not personally involved in Barnes' prosecution.

The Supreme Court has recognized that there are some officials whose duties require a full exemption from liability. Such officials include prosecutors in the performance of their official functions. *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *Yaselli v. Goff*, 275 U.S. 503 (1927). In order to determine whether an official is absolutely immune from suit, the proper focus is not the identity of the party claiming the immunity, but rather, his or her "role in the context of the case." *Mays*, 97 F.3d at 110. In other words, immunity attaches to particular official's functions, not to the particular office he or she holds. *Forrester*, 484 U.S. at 229; *see also O'Neal v. Miss. Bd. of Nursery*, 113 F.3d 62 (5th Cir. 1997).

In the context of absolute prosecutorial immunity, immunity from suit extends to those acts "intimately associated with the judicial phase of the criminal process" which includes the presentation of the State's case, evaluating evidence, and interviewing witnesses in preparation for

---

[5] Cannizzarro became Orleans Parish District Attorney in 2009.
*Slate.com,* http://www.slate.com/articles/news_and_politics/crime/2012/04/new_orleans_district_attorney_leon_cannizzaro_is_being_questioned_for_his_ethics_in_pursuing_convictions_.html

trial. *Burns v. Reed*, 500 U.S. 478, 492 (1991). Also, among the traditional functions of a prosecutor is the duty to decide which charges to bring and whether to pursue a conviction in court. *See Kalina v. Fletcher*, 522 U.S. 118, 125 (1997).

Barnes' claim against Cannizzarro is not intimately associated with his role in the bringing of charges and the criminal court process. His challenge is to the prosecution's use of special local laws of Orleans Parish in the selection of the Grand Jury in Barnes' indictment proceedings. Cannizzarro is entitled to absolute immunity from suit for his role in bringing and prosecuting the charges against Barnes. The claim against this defendant in his individual capacity must be dismissed as frivolous, for failure to state a claim for which relief can be granted, and for seeking relief against an immune defendant pursuant to § 1915(e)(2) and § 1915A(b).

However, to the extent Barnes names Cannizzarro in his official capacity, his claims are not frivolous. Suit against a prosecutor named in his or her official capacity is suit against the entity he or she represents; in this case, that is the Orleans Parish District Attorney's Office. *Burge v. Parish of St. Tammany*, 187 F.3d 452, 466-67 (5th Cir. 1999);[6] *see also Kentucky v. Graham*, 473 U.S. 473 U.S. 159, 165 (1985). An assistant district attorney, as a representative of the Parish, could be liable under § 1983 only if his/her actions were in execution of an unconstitutional Parish policy or custom which inflicted injury or damage upon the plaintiff. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Barnes would have to allege not merely that such an unconstitutional policy or custom exists, but that it was the proximate cause of his injury or damage. *See Collins v. City of Harker Heights*, 503 U.S. 115, 122-24 (1992); *Berry v. McLemore*, 670 F.2d 30, 33-34 (5th Cir. 1982),

---

[6]In *Burge*, the Fifth Circuit made clear that in Louisiana, a district attorney is not entitled to Eleventh Amendment Immunity afforded to the State. Instead, the district attorney is a functionary of the local parish government, whose liability is to be addressed under *Monell*, discussed *infra*. *Id.*

10

*overruled on other grounds*, *Int'l Woodworkers of Am. v. Champion Int'l Corp.*, 790 F.2d 1174 (5th Cir. 1986).

Here, Barnes has asserted that the alleged errors in the prosecution of his case were the result of an unconstitutional policy or custom of Orleans Parish as contemplated in *Monell* and in *State v. Dilosa. See Monell,* 436 U.S. at 659; *State v. Dilosa*, 848 So. 2d 546, (La. 2003) (held that current and former provisions on grand jury procedures for Orleans Parish were unconstitutional local laws). Such a claim imputes liability to Cannizzaro in his official capacity pursuant to § 1915(e) and § 1915A, however, Barnes' claim is barred by the *Heck* Doctrine as explained below.

**C.     The Heck Doctrine and Barnes' Claims Against the Defendants in their Official Capacities**

Barnes alleges that Defendants violated his constitutional rights by charging and convicting Barnes, after they allegedly used unconstitutional procedures in selecting his Grand Jury. His claim therefore calls into question the validity of his criminal conviction for which he is currently confined. Barnes' Complaint invokes the Court's jurisdiction under 42 U.S.C. § 1983. Section 1983 provides a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" by any person acting "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory." 42 U.S.C. § 1983. The Supreme Court, however, has limited the availability of § 1983 actions for prisoners in certain instances.

Pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court stated that in order to recover damages or other forms of relief for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions which would render a conviction or sentence invalid, plaintiff must show that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such

determination, or called into question by a federal court's issuance of a writ of habeas corpus" under 28 U.S.C. § 2254. *Heck,* 512 U.S. at 486-487; see also *Boyd v. Biggers*, 31 F.3d 279 (5th Cir.1994).

In *Heck*, the Supreme Court held that a claim under § 1983 is barred if success in the suit would necessarily imply the invalidity of an outstanding criminal conviction or a plaintiff's present confinement. *Heck,* 512 U.S. at 486-487*; Hudson v. Hughes*, 98 F.3d 868, 872 (5th Cir.1996). This limitation on a § 1983 plaintiff avoids collateral attacks on convictions that are still outstanding. See *Hudson*, 98 F.3d at 872; 512 U.S. at 484-85. Before a plaintiff may proceed under § 1983 on claims challenging a criminal conviction or proceeding, he must show that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."*Heck*, 512 U.S. at 486-87; *see also Jackson*, 49 F.3d at 177; *Stephenson v. Reno*, 28 F.3d 26, 27-28 (5th Cir. 1994). *See also Green v. Dist. Attr's Office,* No. 08-3685, 2009 WL 651132 (E.D. La. Mar. 10, 2009).

Here, Barnes' conviction has not been successfully challenged in any of these manners. In fact, Barnes bases his claims here on the fact that he has not received relief from his conviction. A ruling in this case regarding the applicability of unconstitutional grand jury selection procedures would impact the validity of Barnes' present confinement. His claims, therefore, fall within the *Heck* bar. His civil rights claims are not cognizable at this time and must be dismissed with prejudice until such time as the *Heck* conditions are met. *Johnson v. McElveen*, 101 F.3d 423 (5th Cir. 1996) (dismissal under *Heck* is with prejudice).

Furthermore, Barnes' claim, to be released from his current confinement, sounds in habeas corpus. However, this civil rights proceeding is not the appropriate place to pursue that type of

relief. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Clarke v. Stalder*, 121 F.3d 222, 226 (5th Cir. 1997), *reh'g en banc granted and op. vacated*, 133 F.3d 940 (5th Cir. 1997), *rev'd in part on other grounds and op. reinstated in relevant part*, 154 F.3d 186, 187 (5th Cir. 1998) (*en banc*); *Hernandez v. Spencer*, 780 F.2d 504, 504 (5th Cir. 1986). As required by *Heck*, Barnes must first pursue any such habeas corpus claims in a properly filed state post-conviction application or federal habeas corpus proceeding if appropriate.

Therefore, the Court must dismiss with prejudice Barnes' § 1983 claims challenging the validity of his state court proceedings until such time as the *Heck* conditions are met. *See Johnson*, 101 F.3d at 423. A court's dismissal of a claim on the basis that it is barred by *Heck v. Humphrey* is properly considered a dismissal under 28 U.S.C. § 1915(g) because it fails to state a claim on which relief can be granted. *See Morris v. Cason*, No. 02-2460, 2004 WL 1326066 (6th Cir. June 10, 2004) (a claim barred by *Heck* is properly dismissed for failure to state a claim). His claims are therefore frivolous and otherwise fail to state a claim for which relief can be granted.

### D. State Law Claims

Barnes argues that the alleged actions of the defendants denied him rights under the Color of State Law guaranteed by Art. I, **§** 2 and **§** 3 and Art. III**, §** 12(A)(3) of the Louisiana Constitution. Louisiana Constitution of 1974. Article I, **§** 2 protects the due process rights, and **§** 3 protects rights to individual dignity and equal protection under the law, of Louisiana citizens. La. Const. art. I, § 2 & § 3 . Article III **§** 12(A)(3) prohibits the Louisiana Legislature from passing any "local or special laws concerning any civil or criminal actions . . . or regulating the practice or jurisdiction of any court." La. Const. art. III, § 12. To the extent Barnes intended to invoke this Court's supplemental jurisdiction under 28 U.S.C. § 1367, his state law claims should be dismissed. The

"general rule" in the Fifth Circuit "is to decline to exercise jurisdiction over pendent state law claims when all federal claims are dismissed or otherwise eliminated from a case prior to trial." *Batiste v. Island Records, Inc.*, 179 F.3d 217, 227 (5th Cir. 1999) (citation omitted); *accord Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims"). The Court is recommending that Barnes' federal claims under § 1983 be dismissed in their entirety.  Therefore, his state law claims should be dismissed without prejudice as the Court declines to exercise its supplemental jurisdiction.

### E.      **Habeas Corpus Relief**

Barnes' allegations clearly challenge the validity of his current conviction in that he seeks dismissal-release agreement, an agreement that he would not be prosecuted by the state on other charges, an agreement that the Orleans Parish laws would be reformed, and a new trial based on the allegation that the grand jury selection process used to convict him, later found to be unconstitutional, violated his civil rights. Habeas corpus relief constitutes the *exclusive* initial cause of action for a state prisoner when the basis of the § 1983 claim goes to the constitutionality of the state-court conviction and draws into question the validity of the fact or length of his confinement. *Stephenson v. Reno*, 28 F.3d 26 (5th Cir. 1994); *Rodriguez v. Holmes*, 963 F.2d 799, 801(5th Cir. 1992); *see also Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

The records of this Court reflect, that Barnes has already filed a habeas corpus petition pursuant to § 2254 in a matter entitled *Donald Barnes v. Burl Cain, Warden*, Civil Action No.

06-2827 "N"(5). In that matter, he sought a new trial, however, the petition was denied with prejudice as untimely by Judgment entered on November 5, 2007.[7]

Consequently, any habeas claims Barnes may seek to urge now would be considered a second or successive claim as described by Title 28 U.S.C. § 2244. However, before he would be allowed to raise these claims in a properly filed habeas corpus petition before the District Court, he would have to obtain authorization from the United States Fifth Circuit Court of Appeals as required by § 2244(b)(3)(A). Until such time as Barnes obtains the required authorization, the Court is statutorily without jurisdiction to proceed.

Having determined that the Court is without jurisdiction, Barnes has failed to state a claim for which relief can be granted. Barnes' claims must therefore be dismissed with prejudice to his ability to seek authorization from the Fifth Circuit.[8]

**IV.   Recommendation**

**IT IS RECOMMENDED** that the claims of Donald E. Barnes brought pursuant to 42 U.S.C. § 1983 against the defendants, Joel T. Chaisson, Bobby Jindal, James D. "Buddy" Caldwell, and Leon A. Cannizzaro, be **DISMISSED WITH PREJUDICE** as frivolous pursuant to 28 U.S.C. § 1915(e)(2), § 1915A.

**IT IS FURTHER RECOMMENDED** that Barnes' 28 U.S.C. § 2254 claims be **DISMISSED WITHOUT PREJUDICE** as premature because he must seek approval from the Fifth Circuit Court of Appeals before proceeding in this Court.

---

[7]C.A. 06-2827 , Rec. Doc. No. 26.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[9]

New Orleans, Louisiana, this 5th day of August, 2014.

*[signature]*

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[9]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.